The Chief Justice

delivered the Opinion of the Court.
This suit in chancery was brought by Blandford’s administrator, to enjoin a judgment for execution, against themselves, on a replevin bond which had been executed by their intestate, as surity for one Bean, in discharge of a judgment for about seventy nine dollars, which had been obtained against Bean, by Barger, the defendant in the writ of error.
The circuit court dissolved the injunction, with damages, and dismissed the bill, with costs, and we think correctly.
The only ground for relief, as alleged in the bill, was the fact that, a sheriff being about to levy on sufficient property of Bean, a fieri facias which had been issued on the replevin bond, and was returnable on the 6th of December, 1834—Barger, “the plaintiff in said execution, “by his written order, bearing date the 26th of Novem“ber 1834, required the sheriff, at the request of Bean, “to give the said Bean further indulgence until the 15th “day of the succeeding month;” that the execution was accordingly returned without being levied, and that afterwards, Bean became hopelessly insolvent.
It appears, however, that another execution was promptly issued, and that the surity was not, in fact, prejudiced by the non-levying of the first.
The lien given by law to the unlevied execution whilst it was in the sheriff’s hands, was intended only for securing the creditor against an alienation by his debtors, of any of their property subject to the execution. It did not operate against other judgment creditors, who, by levying first, might have obtained priority of title to sell. *23 It neither suspended nor extinguished the surity’s liability; nor did the forbearance to make a levy, deprive him, for a moment, as a binding novation or levy might have done, of any right, equitable or legal, to pay the debt, or require the creditor to proceed forthwith to make it, if possible, out of the principal debtor.
If a surity can show that the debt, or part of it, would have been made by a levy on property of the principal, but for the creditor’s interference which prevented it—the surety will be entitled to relief in equity, on the ground that the creditor was a quasi trustee for him, as to so much of the debt as the levy would have saved.
The creditor had no specific and enforcible lien, by abandoning or failing to enforce which, he deprived the surity of any collateral security of which he could have availed himself in equity.
We are, therefore, of the opinion that the surity was not released unless he could show that the debt would have been made by the sheriff, out of the property of the principal, had he not been interrupted by the creditor; and then he might perhaps have been entitled to relief to the extent of his actual loss, on the ground that in prose cuting the execution the creditor was his quasi trustee, and had violated the trust to his prejudice.
Not only has he totally failed to show any such prejudice, but it has been proved on the other side, that the indulgence given to the principal, had no effect on his means of payment, or on the rights or interests of the surity. Moreover, there is strong ground for presuming that the surity assented to the indulgence as given.
Wherefore, the decree is affirmed.